UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL ELDEN KENNEMORE,            )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No. 4:06-CV-173-FRB
                                   )
GEROGE W. BUSH,                    )
                                   )
            Defendant.             )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Daniel Elden Kennemore for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and supplemental complaint**

Plaintiff, a civilly committed resident of the Missouri Sexual Offender Treatment Center, seeks monetary and injunctive relief in this action against President George W. Bush [Doc. #3 and Doc. #6]. Plaintiff claims that the "sex offender registration [law] discriminates against alleged sex offenders only," and that "President Bush failed to protect . . . men's lives by not abolishing this discriminating registration law that serves as creating hate crimes against alleged sex offenders."

Although plaintiff has failed to specify the jurisdictional grounds for filing this case in federal court, the Court will liberally construe the action as arising under the

2

Constitution or laws of the United States, pursuant to 28 U.S.C. § 1331. Having carefully reviewed the complaint and supplemental complaint, the Court concludes that plaintiff's allegations do not rise to the level of a constitutional deprivation and are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States. As such, the complaint is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's "motion to add documents" [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 12th day of April, 2006

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**